## DARNELL *vs.* BARTON *et al.,* EXR'S.

APPEAL FROM CHEROKEE. Wills. Estates. Remainders. (Before Judge Brown.)

Jackson, C. J.—A will contained the following bequest: "All my property, both real and personal, or whatever kind it may be, to my beloved wife, Jane Barton, for and during her natural life, and after the death of my said wife, I direct that all the remainder of my said property be sold by my executors and be equally divided among my children; and in the event that any of my children should die prior to the death of their said mother, leaving a child or children living, then I desire

said child or children so left should stand in the place of its or their deceased parent and heir a child's part; that is, the part that the deceased parent would have taken if living:"

· Held, that the remainder left by such will was contingent. The amount to be divided was to be ascertained by a sale of the property not consumed by the wife of the testator. If all of his children survived his wife, the proceeds were to be divided among them; if any died before her, they took nothing; if children of testator's children were alive at the death of first tenant, they were to take their deceased parent's part, but if any child, married or single, died before the wife, and left no child surviving the testator's wife, no provision was made for that part, except the general purpose that only children or grandchildren surviving testator's wife should take. A deceased child's widow would not succeed to his share.

Judgment affirmed.

Wm. H. Simmons, P. P. DuPre; George N. Lester, for plaintiff in error.

W. A. & G. J. Teasley, for defendants.